IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| PATRICK D. LENARD, § | |
| § | |
| Movant, § | |
| § | No. 3:20-cv-00585-B (BT) |
| v. § | No. 3:14-cr-00451-B-1 |
| § | |
| UNITED STATES of AMERICA, § | |
| § | |
| Respondent. § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Movant Patrick D. Lenard, a federal prisoner, filed a *pro se* motion to vacate, set-aside, or correct sentence under 28 U.S.C. § 2255. The District Court referred the resulting civil action to the United States magistrate judge pursuant to 28 U.S.C. § 636(b) and a standing order of reference. With leave of Court, the Government filed a motion to dismiss Lenard's § 2255 motion as time barred (ECF No. 10). For the following reasons, the Court should grant the Government's motion.

I.

Lenard pleaded guilty to kidnapping and aiding and abetting, in violation of 18 U.S.C. § 1201(a) and 18 U.S.C. § 2, and conspiracy to possess with intent to distribute a controlled substance and aiding and abetting, in violation of 21 U.S.C. § 846 (21 U.S.C. § 841(a)(1) and (b)(1)(A)) and 18 U.S.C. § 2. On February 12, 2016, the District Court sentenced him to a term of 360 months' imprisonment on each

count, to run concurrently. The Court further ordered Lenard's federal sentence to run concurrently with any other sentence imposed in his aggravated kidnapping case, Case Number F-1262409, which was then pending in the 282nd Judicial District Court of Dallas County, Dallas, Texas.

Lenard appealed, but the appeal was dismissed on March 16, 2018 because it presented no nonfrivolous issues for review. *See United States v. Lenard*, 715 F. App'x 402, 403 (5th Cir. 2018) (per curiam). Lenard did not file a petition for writ of certiorari in the Supreme Court, and his time for doing so expired on June 14, 2018.

Lenard then filed this § 2255 motion, which was received in the Clerk's Office on March 5, 2020. In his motion, Lenard argues that his appellate counsel provided ineffective assistance of counsel when he failed to inform him (orally or in writing) he could seek certiorari review in the Supreme Court. In response, the Government filed a motion to dismiss, arguing Lenard's motion is untimely. Lenard did not file a reply, and the time for doing so has passed. The Court will therefore address the Government's motion to dismiss without the benefit of a reply.

II.

A.  Statute of Limitations

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) establishes a one-year statute of limitations for federal habeas proceedings. *See* ANTITERRORISM AND EFFECTIVE DEATH PENALTY ACT, Pub. L. 104-132,

110 Stat. 1214 (1996). The statute provides that the limitations period shall run from the latest of:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from filing by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

*See* 28 U.S.C. § 2255(f).

In most cases, the limitations period begins to run when the judgment becomes final. *See* 28 U.S.C. § 2255(f)(1). The Fifth Circuit Court of Appeals entered judgment on March 16, 2018. Lenard did not file a petition for writ of certiorari, and his time for doing so expired on June 14, 2018. *See* Sup. Ct. R. 13 (a petition for writ of certiorari "is timely when it is filed . . . within 90 days after entry of the judgment."). His conviction became final on June 14, 2018. *See Clay v. United States*, 537 U.S. 522, 532 (2003). Lenard then had one year, or until June 14, 2019, to file his § 2255 motion.

3

Lenard's § 2255 motion is signed and dated February 26, 2020.[1] *See* Mot. 7 (ECF No. 2). His motion was filed more than *eight months* after the time to file a timely motion expired under § 2255(f)(1). Indeed, Lenard tacitly concedes that his § 2255 motion is not timely under § 2255(f)(1).

Instead, Lenard summarily contends that he timely filed his motion under § 2255(f)(4) because he filed it on the date which the facts supporting the claim presented could have been discovered through the exercise of due diligence. Br. 3 (ECF No. 3). Lenard states that he received a letter from his appellate counsel dated March 20, 2018, but he argues she failed to inform him that he had a right to file a petition for writ of certiorari review from the Supreme Court. Br. 4 (ECF No. 3) (citing Br. (ECF No. 3) Ex. A). Lenard claims that a jailhouse lawyer was the first to inform him that he had the right to have the Fifth Circuit's decision reviewed by the Supreme Court. *Id.*

Under § 2255(f)(4), a prisoner must bring a § 2255 motion within one year of "the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2254(f)(4). Section 2255(f)(4) is only applicable if a movant exercised due diligence in seeking out the underlying factual predicate. *United States v. Rodriquez*, 858 F.3d 960, 962 (5th Cir. 2017). "For this provision to apply, a 'a petitioner's diligence must

---

[1] A prisoner's *pro se* pleading is deemed filed on the date that it was deposited in the prison mail system. *Houston v. Lack*, 487 U.S. 266, 276 (1988); *see also Cooper v. Brookshire*, 70 F.3d 377, 379 (5th Cir. 1995).

merely be 'due' or 'reasonable' under the circumstances.'" *Id.* (quoting *Starns v. Andrews*, 524 F.3d 612, 619 (5th Cir. 2008)). "[D]iligence can be shown by prompt action on the part of the petitioner as soon as he is in a position to realize" that action is necessary. *Johnson v. United States*, 544 U.S. 295, 308 (2005). "[T]he important thing is to identify a particular time when . . . diligence is in order." *Id.* "[T]he issuance of a new court opinion is not a newly-discovered fact under section 2255(f)(4)." *Martinez v. United States*, 2014 WL 3361748, at *3 (N.D. Tex. 2014) (citing *Phillips v. United States*, 734 F.3d 573, 580 (6th Cir. 2013)).

Lenard argues that he had to consult a jailhouse lawyer to learn about his appellate counsel's failure to advise him of his right to petition the Supreme Court. However, through due diligence he could have "discovered" this right before his judgment became final under § 2255(f)(1) on June 14, 2018. *See Rodriquez*, 858 F.3d at 964 (concluding the defendant could have discovered the facts supporting his claim that his attorney was ineffective for failing to file an appeal "anytime during the proceeding [sic] months" after the period for filing a notice of appeal expired); *United States v. Jackson*, 470 F. App'x 324, 327 (5th Cir. 2012) (concluding the facts supporting the defendant's claim that his attorney incorrectly advised him that his federal sentence would run concurrently "could have been discovered immediately after [the defendant's] sentencing in federal court"). Accordingly, Lenard's § 2255 motion is untimely and should be dismissed.

B.     Equitable Tolling

The one-year limitation period is subject to equitable tolling in "rare and exceptional cases." *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998); *see also Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999) (asserting that courts must "examine each case on its facts to determine whether it presents sufficiently 'rare and exceptional circumstances' to justify equitable tolling" (quoting *Davis*, 158 F.3d at 811)). The Fifth Circuit has held that "[e]quitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999), *abrogation on other grounds recognized by Richards v. Thaler*, 710 F.3d 573, 578-79 (5th Cir. 2013) (quoting *Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir. 1996)). A movant bears the burden of proof to show he is entitled to equitable tolling. *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000).

Lenard does not argue that he is entitled to equitable tolling, Likewise, he does not present an argument that could be construed as seeking entitlement to equitable tolling. Lenard did not timely file his motion, and he fails to demonstrate that he is entitled to equitable tolling. Specifically, he has failed to plead any facts showing he was misled by the Government or prevented in some extraordinary way from asserting his rights. Lenard is therefore not entitled to equitable tolling.

Because his claim is clearly time barred, the Court need not reach Lenard's argument.

III.

For the foregoing reasons, the Court should GRANT the Government's motion to dismiss (ECF No. 10) and DISMISS Lenard's motion to vacate, set-aside, or correct sentence under 28 U.S.C. § 2255 as time-barred.

Signed May 6, 2021.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).